**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Enrique BARRAGAN–CASTRO,
Defendant–Appellant.**

No. 06–40627
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 27, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM: *

Jose Enrique Barragan–Castro (Barragan) appeals his conviction and sentence for illegal reentry after having been deported following a conviction for aggravated felony in violation of 8 U.S.C. § 1326(a) and (b). Barragan contends that the district court erred by applying an eight-level increase to his offense level, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), because the conviction that resulted in his deportation, misdemeanor assault in violation of Texas Penal Code Ann. 22.01(a)(1), is not a crime of violence under 18 U.S.C. § 16, and does not constitute an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). In *United States v. Villegas–Hernandez,* 468 F.3d 874, 878–84 (5th Cir.2006), we considered the same Texas statute and held that it does not meet either definition of a crime of violence under § 16 and, thus, is not an "aggravated felony" under § 2L1.2(b)(1)(C). Accordingly, the district court erred in enhancing Barragan's sentence pursuant to § 2L1.2(b)(1)(C). Because we cannot conclude, based on the record as a whole, that the error did not affect the district court's selection of the sentence imposed, that is, the error was

---

harmless, a remand is appropriate. *See Williams v. United States,* 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992). Barragan's sentence is vacated and this matter remanded for resentencing in accordance with this opinion.

Barragan also challenges the constitutionality of the treatment of prior felony and aggravated felony convictions under 8 U.S.C. § 1326(b) as sentencing factors rather elements of the offense that must be found by a jury. This challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Barragan suggests that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), this court has repeatedly rejected such arguments and found that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Barragan concedes his argument is foreclosed, but raises it preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.